**DOUGLAS A. LINDE, ESQ. (SBN 217584)**
**ERICA ALLEN, ESQ. (SBN 234922)**
**THE LINDE LAW FIRM**
**9000 Sunset Boulevard, Ste. 1025**
**Los Angeles, California  90069**
**Telephone (310) 203-9333**
**Fax (310) 203-9233**

Attorneys for Plaintiffs,
LA PRINTEX INDUSTRIES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA PRINTEX INDUSTRIES, INC. ) | Case No. CV08-08268 GAF (AJWx) |
| ) | Honorable Gary A. Feess |
| Plaintiffs, ) | Complaint Filed: December 15, 2008 |
| ) | |
| v. ) | |
| ) | |
| BELK, INC.; BOSCOV'S ) | **PROTECTIVE ORDER** |
| DEPARTMENT STORE, LLC; ) | |
| DILLARD'S, INC.; ROSS STORES, ) | |
| INC.; MACY'S, INC.; THE BON- ) | |
| TON STORES, INC.; LEVI ) | |
| STRAUSS & CO.; KOHLS ) | |
| DEPARTMENT STORES, INC.; ) | |
| L'KORAL, INCORPORATED; and ) | |
| DOES 1 though 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD

CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to

this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. **Overview:**  Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" of "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. **Material Designated As "Confidential":**  The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material as consists of any commercially sensitive and/or confidential financial or business information, such as purchase records, sales records, item profitability reports, pricing methods, and confidential nonpublic contracts.  The parties, or some of them, request protection of such information on the grounds that said information is not ordinarily available to the public, that said information, if disclosed, could be harmful to the parties, or any of them, that said information, if disclosed, could

2
[PROPOSED] PROTECTIVE ORDER

be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

3.     **Disclosure Of "Confidential" Materials:**  No person or party subject to the Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

(a)     the parties to this action and Protective Order, including their employees and former employees;

(b)     in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material, and outside copying and printing services;

(c)     its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any employee or agent, or former employee or agent, of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order).

(e)     any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action,

provided such person has first executed a Non-Disclosure Agreement in the form

annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this

action and their support personnel; and

(g)     the Court and its support personnel;

(h)     any mediator or settlement officer, whom the parties have elected or

consented to preside over the case.

(i)     as required by law or court order upon notice to the designating

party sufficiently in advance of such disclosure to permit it to seek a protective order.

4.     **Material Designated As "Confidential/Attorneys' Eyes Only":** The

person or party disclosing or producing any given Discovery Material may designate

material as "Confidential/Attorneys' Eyes Only" only if the material meets the

definition of Confidential, pursuant to Section 2 above. A party may not mark

documents as "Confidential/Attorneys' Eyes Only" it order to keep the documents from

any other party, if the two parties are represented by the same attorneys in this matter.

5.     **Disclosure Of "Confidential/Attorneys' Eyes Only" Material:**  No

person or party subject to this Order other than the producing person or party shall

disclose any of the Discovery Material designated by the producing person or party as

"Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

a)      outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

b)      outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c)      the party producing said documents and persons affiliated with the party producing said documents, such as the producing party's employees and former employees (provided such former employee has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto), during the time they are testifying in deposition or at trial, or in connection with written discovery requests;

d)      Any employee or agent, such as the producing party's employees and former employees,  of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to such employees or agents of Company B under the terms of this Protective Order).

e)    stenographers engaged to transcribe depositions conducted in this action;

f)    the Court and its support personnel

g)    any mediator or settlement officer, whom the parties have elected or consented to preside over the case, and/or

h)    as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

6.    **Deposition Transcripts:**  With respect to the Confidential potion(s) of any Discovery material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility.  With respect to deposition transcripts and exhibits, a producing person or party or that person or party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7.    **Documents Under Seal:**  The designation of documents or information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates no entitlement to file

[PROPOSED] PROTECTIVE ORDER

1   such documents or information under seal.  Civil Local Rule 79-5 sets forth the

2   procedures that must be followed and reflects the standards that will be applied when a

3

4   party seeks permission from the court to file materials under seal.

5       8.    **Separate Non-Disclosure Agreements:**  Prior to any disclosure of any

6   Confidential Discovery Material to any person referred to in paragraph 3a, 3b, 3e, 5a,

7

8   5b, and/or 5c above, such person shall be provided by counsel with a copy of this

9   Protective Order and shall sign a Non-Disclosure Agreement in the form agreed to by

10

11  the Parties, stating that that person has read this Order and agrees to be bound by its

12  terms.  Said counsel shall retain each signed Non-Disclosure Agreement, maintain

13

14  custody of it, and upon request produce it to opposing counsel either prior to such

15  person being permitted to testify (at deposition or trial) or at the conclusion of the case,

16  whichever comes first.

17

18      9.    **Failure To Designate:**  If at any time prior to the trial of this action, a

19  producing person or party realizes that some portion(s) of Discovery Material that that

20

21  person or party previously produced without limitation should be designated as

22  "Confidential" and/or "Confidential /Attorneys' Eyes Only", they may so designate by

23  so apprising all parties in writing, and providing said parties with appropriately marked

24

25  copies of said Discovery Material, where possible, and such designated portion(s) of the

26  Discovery Material will thereafter be treated as "Confidential" and/or

27  "Confidential/Attorneys' Eyes Only" under the terms of this Order.

28

[PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.     **Designations In Good Faith:**  "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position or is of a sensitive nature that is not material to an evaluation of settlement.  "Confidential" and/or "Confidential/Attorneys' Eyes Only" material <u>shall</u> <u>not</u> include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

11.     **Objections To Designations:**  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of providing same.  Should the Court determine a designation of confidentiality was not made in good faith, the objecting party shall be entitled to recovery of reasonable attorneys fees and costs in connection

with bringing the Motion to object to any designation of confidentiality.  If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party nevertheless shall treat and protect such material as Confidential Material in accordance with this Protective Order unless and until all parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

12.  **Use At Trial:**  Documents designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial.  However, any party who wishes to have such documents treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" may renew their request for confidentiality before the trial judge at the status conference and/or through a motion in limine.

13.  **Continuing Jurisdiction:**  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14.  **Obligations Upon Termination Of Litigation:**  This Protective Order shall survive the termination of the litigation.  Within 30 days of the final disposition of this action, including all appeals, the producing party may require that all Discovery Materials designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only"

[PROPOSED] PROTECTIVE ORDER

and all copies thereof, that have not been annotated, illuminated or otherwise "marked-up" to be promptly returned to the producing person or party (at the producing person's expense), or shall be destroyed.  All documents marked "Confidential," and/or "Confidential/Attorneys' Eyes Only" that have been annotated, illuminated or otherwise "marked-up" shall not be returned, but shall be destroyed.

15.    **Further Modifications:** Any party to this action may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

**IT IS SO ORDERED.**


Date:  _____8/24/09_____        _____/S/_____
                                Honorable Andrew J. Wistrich
                                United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER